THOMAS W KIELTY (No. 164186)
2nd FL, Ste 200
11400 W Olympic Blvd
Los Angeles, CA 90064-1584
Telephone (310) 393-0515
Cell phone (310) 621-7928
Facsimile (310) 626-8521
tomkielty@earthlink.net

Attorney for Defendant,
Michael Ming Zhang

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 09-CR-00031-R |
| | )             09-CR-00032-R |
| Plaintiff, | ) |
| | ) NOTICE OF MOTION AND |
| v. | ) MOTION TO SUPPRESS |
| | ) EVIDENCE; MEMORANDUM OF |
| Michael Ming Zhang, | ) POINTS AND AUTHORITIES; |
| | ) DECLARATION OF THOMAS |
| Defendant. | ) KIELTY; EXHIBITS |
| | ) |
| | ) Hearing Date: 11 May 2009 |
| | ) Hearing Time: 1:30 PM |
| | ) |

**TO: UNITED STATES ATTORNEY THOMAS P. O'BRIEN AND ASSISTANT UNITED STATES ATTORNEY BONNIE L. HOBBS:**

   **PLEASE TAKE NOTICE** that on 11 May 2009 at 1:30 p.m. or as soon thereafter as the matter may be heard, in the courtroom of the

Honorable Manuel L. Real, United States District Judge, Defendant Michael Zhang, by and through the undersigned counsel, will bring on for hearing the following motion:

## MOTION

Defendant, Michael Zhang, by and through his attorney of record, Thomas Kielty, hereby moves this Honorable Court for an order suppressing any evidence obtained as a result of a search warrant issued on May 7, 2008 to 12225 Richfield, Rancho Cucamonga, California, 91739, because such evidence was obtained in violation of Federal Rule of Criminal Procedure 41 and Mr. Zhang's rights under the Fourth Amendment of the United States Constitution

This motion is based upon the attached Memorandum of Points and Authorities, Declaration of Thomas Kielty, and Exhibits thereto, any and all files and records in this case, and any other information which may be presented to this Court in connection with this motion.

//s//
_____
Dated:  20 April 2009          THOMAS W. KIELTY
                               Attorney for
                               MICHAEL MING ZHANG

//
//
//
//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Mr. Zhang is charged in two indictments with Conspiracy to Traffic in Counterfeit Goods in violation of 18 U.S.C. §371, Trafficking in Counterfeit Goods in violation of 18 U.S.C. 2320, and Exporting National Security Controlled Items without a License in violation of 50 U.S.C. §§ 1705(a), (c ); 15 C.F.R. §§736.2, 764.2, and Parts 774 Supp. 1, 738 Supp.1. Trial in this matter is scheduled for May 19, 2009.

Mr. Zhang moves to suppress all evidence obtained as a result of the search warrant obtained and executed on May 7, 2008.

## II.  STATEMENT OF FACTS

At 11:15 a.m. on May 7, 2008, based upon the affidavit of Investigator Brian Sims, Orange County Superior Court Magistrate Judge Brett London signed a search warrant commanding search of the premises located at 12225 Richfield Drive, Rancho Cucamonga, California, 91739.  See Declaration of Thomas Kielty, Exhibit A.  At approximately 4:00 p.m. on that same day, the warrant was executed.

Less than two hours later, Federal Bureau of Investigation Special Agent John W. Pae submitted an affidavit to Magistrate Judge Paul Abrams in the Federal District Court for the Central District of California, requesting a warrant to search the same premises.  At 5:30 p.m., Magistrate Judge Abrams issued a federal search warrant commanding execution within 10 days of issuance and commanding authorities "to search . .. . the person or place named above for the property specified, serving this warrant and making the search (in the daytime – 6:00 A.M. to 10:00 P.M.) . . ."   See Declaration of Thomas Kielty, Exhibit B.

Federal authorities arrived at the Richfield Drive address at approximately 9:00 p.m. on May 7, 2008. Agents served the warrant and conducted the search until approximately 4:00 a.m. on May 8, 2008.

### III. ARGUMENT
### Evidence Obtained During Execution of the Federal Search Warrant Must be Suppressed As It Was Obtained in Violation of Federal Rule of Criminal Procedure 41(e)(2)(A)(ii) and Defendant's Fourth Amendment Rights

**A. The Governing Principles**

The general provision governing federal search warrants is found in Federal Rule of Criminal Procedure 41. Under Rule 41(e)(2)(A)(ii), a search warrant must command officers to "execute the warrant during the daytime, unless the judge for good cause expressly authorizes execution at another time." Fed.R.Crim.P. 41(e)(2)(A)(ii). Thus, when determining whether a search is reasonable under the Fourth Amendment the trial court is required to consider whether the search occurred at night.

"At common law, prior to the adoption of the Bill of Rights there was a strong aversion to nighttime searches." United States v. Gibbons, 607 F.2d 1320, 1326 (10th Cir. 1979). This aversion was then and is now primarily focused on intrusions into the home. Id. "'Searches of the dwelling house were the special object of this universal condemnation of official intrusion. Night-time search was the evil in its most obnoxious form.'" Id. (quoting Monroe v. Pape, 365 U.S. 167, 210, 81 S.Ct. 473, 5 L.Ed.2d 492 (1960) (Frankfurter, J., concurring and dissenting)); see Jones v. United States, 357 U.S. 493, 498 (1958) ("[I]t is difficult to imagine a more severe invasion of privacy than the nighttime intrusion into a private home[.]"); Coolidge v.

New Hampshire, 403 U.S. 443, 477 (1971) (midnight entry into dwelling is "extremely serious intrusion"); see also United States v. Jerez, 108 F.3d 684, 690 (7th Cir. 1997) ("Our jurisprudence interpreting the Fourth Amendment has long recognized that police encounters at a person's dwelling in the middle of the night are especially intrusive"); United States v. Tucker, 313 F.3d 1259, 1263 (10th Cir. 2002) (citing and quoting Gibbons); United States v. Smith, 340 F. Supp. 1023, 1029 (D. Conn. 1972) ("The fourth amendment protects individual privacy, and intrusion into an occupied home in the middle of the night is plainly a greater invasion of privacy than entry during the day.") (citation omitted); United States v. Ravich, 421 F.2d 1196, 1201 (2nd Cir. 1970) (noting "peculiar abrasiveness" of intrusions by law enforcement officials at night); United States ex rel. Boyance v. Myers, 398 F.2d 896, 898 (3rd Cir. 1968) ("Even the odious 'writs of assistance' which outraged colonial America permitted search of dwellings only in the daytime.").

    Reflecting the centuries old aversion to nighttime searches, Rule 41(e)(2)(A)(ii) directs that a search warrant must be executed in the daytime "unless the judge for good cause expressly authorizes execution at another time."  Thus, if a search warrant by its terms provides for its execution "in the daytime" it cannot validly be served during nighttime. U. S. v. Merritt, 293 F.2d 742, 744 (3d Cir. 1961) (Fact that when search commenced defendant threw packages, subsequently found to contain heroin, out window in view and presence of government officers, did not render valid nighttime search and seizure, based on warrant authorizing daytime search, and evidence found by search was inadmissible); U.S. ex rel. Boyance v. Myers, 398 F.2d 896, 897-99 (3d Cir. 1968); cf U. S. v. Raidl, 250 F.Supp. 278

(N.D. Ohio 1965) (If there is no basis in law for issuance of nighttime search warrant, warrant is invalid on its face and fact that warrant may have been executed before nightfall cannot redeem it.)  A violation of Rule 41's prohibition against unauthorized nighttime searches requires suppression of the seized evidence.

### B. Application of These Principles to this Case Requires Suppression of the Evidence

The affidavit in support of the search warrant contained no facts to support the issuance of a nighttime search warrant; there was simply no need for a nighttime search.  Federal agents could have sought judicial authorization for a nighttime search but did not do so, instead deciding for themselves that it was appropriate to execute the search warrant between 9:00 p.m. and 4:00 a.m..  Cf Tucker, 313 F.3d at 1265-66 (emphasizing, in upholding nighttime execution of warrant, that police officers had presented judge with factual reasons for nighttime search, and had received judge's assent; because affidavit contained facts that would lead reasonable judge to understand officers sought authority to enter premises at night, especially given urgency implied by police seeking warrant at 4:00 a.m.); United States v. Warren, 181 F. Supp.2d 1232, 1242 (D.Kan. 2001) ("It is not constitutionally necessary for a warrant to state explicitly that a nighttime search is authorized so long as circumstances indicate that the issuing judge approved a nighttime search."); United States v. Berry, 113 F.3d 121, 123-24 (8th Cir. 1997) (where warrant sought at 12:30 a.m., police believed in good faith they had authority for night search; no bad faith, no reckless disregard of proper procedure, suppression not required); United States v. Callwood,

66 F.3d 1110, 1113 (10th Cir. 1995) (judge authorized nighttime search of defendant's residence, despite fact that warrant stated search was to take place in daytime, where police requested warrant at 1:30 a.m., affidavit requested that search be allowed immediately, and warrant explicitly incorporated affidavit); United States v. Searp, 586 F.2d 1117, 1122 (6th Cir. 1978) ("[T]he [issuing] judge here undoubtedly knew such a search would occur, since he was requested to and did issue the warrant in the middle of the night.").

     Here, the unauthorized nighttime intrusion violated Rule 41 and was unreasonable under the Fourth Amendment. No judge would have authorized a nighttime search in this case, because the facts did not support it. Yet, because of the Rule 41 violation, such a search nonetheless occurred. Under these circumstances, the evidence obtained as a result of the search warrant obtained and executed on May 7, 2008 must be suppressed.

*//*

*//*

*//*

*//*

*//*

*//*

*//*

*//*

### III. CONCLUSION

For the foregoing reasons, Mr. Zhang respectfully requests that this Court grant his motion to suppress all evidence obtained as a result of the May 7, 2008 federal search warrant in violation of Federal Rule of Criminal Procedure 41 and his Fourth Amendment rights.

Respectfully submitted,

//s//

_____

Dated: 20 April 2009    THOMAS W. KIELTY
Attorney for
MICHAEL MING ZHANG

### DECLARATION OF THOMAS KIELTY

I, THOMAS KIELTY, state and declare as follows:

1. I am an attorney at law duly licensed to practice before all of the courts in the State of California, the Federal District Court for the Central District of California, and the Ninth Circuit Court of Appeal. I am a member of the Federal Indigent Defense Panel for the Central District of California. I represent Mr. Zhang in this case.

2. Attached hereto as Exhibit "A" is a true and correct copy of the search warrant issued by the Orange County Superior Court on May 7, 2008.

3. Attached hereto as Exhibit "B" is a true and correct copy of the search warrant issued by the Federal District Court for the Central District of California on May 7, 2008.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 20th day of April, 2009, in Los Angeles, California.

//s//
_____
Dated: 20 April 2009            THOMAS W. KIELTY
                                Attorney for
                                MICHAEL MING ZHANG

-- 9 --
NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS KIELTY; EXHIBITS,
CASE NO. 09-CR-00031-R